UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
                    RESPONDENT,

V.                          CASE NO. 97-072(SEC)
                                    01-2469 (SEC)

JAVIER FRANKY-ORTIZ,
                    PETITIONER,

PETITIONER'S REQUEST FOR RELIEF FROM THE JUDGMENT FOR
CORRECTION OF STRUCTURAL ERROR, A MANIFEST INJUSTICE, AND
EXTRAORDINARY CIRCUMSTANCES PURSUANT TO RULE 60(b)(6),
OF THE FEDERAL RULES OF CIVIL PROCEDURE

Now comes the petitioner, Javier Franky Ortiz, pro-se, in the above styled cause, and request this honorable court to grant him relief from the judgment for correction of structural error, a manifest injustice, and extraordinary circumstances pursuant to Rule 60(b)(6), of the Federal Rules of Civil Procedure.  The petitioner states the following to wit in support:

The petitioner, having previously been convicted in this court by way of a jury trial and sentenced by way of a judgment dated December 11, 1998, seeks this honorable court to correct the structural error, the manifest injustice, and extraordinary circumstances that exist in this case, pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. The judgment dated September 24, 2004, where this court denied the petitioner's habeas corpus motion is also being contested. The petitioner contends that there exist extraordinary circumstances warranting relief from the judgment pursuant to Rule 60(b)(6), and time bar, procedural bar, waiver, nor retroactivity is applicable.

1

The petitioner has been erroneously convicted and sentenced contrary to the United States Constitution, and his conviction and sentence must be vacated. The petitioner has suffered a Fifth Amendment right violation of due process, where he was deprived of notice of the offense charged against him in the correct form of law required by the Constitution in reference to his drug conviction, of which he had a fundamental procedural guaranteed right to from the onset of his case.

The petitioner has also been deprived of his due process right to be sentenced on the basis of accurate information and testimony in reference to drug type and quantity attributed to him, where the court failed to make factual findings of drug type and quantity at sentencing, and the jury only entered a general verdict of guilt. Additionally, there exist extraordinary circumstances warranting Rule 60(b)(6) relief, where there has been a change of law in the courts warranting the petitioner's conviction and sentence being invalid before becoming final, when drug type and quantity were not considered elements in the First Circuit, Pursuant to the ruling in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and U.S. v. Baltas, 236 F.3d 40, (1st Cir. 2000).

Drug type and quantity are now elements of a federal drug offense, of which must be charged in the indictment, submitted to the jury and proven beyond a reasonable doubt. The ruling in the courts in light of Apprendi has been further applied to the statutory maximum a court is bound by in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and the ruling

in Apprendi rendered the Federal Sentencing Guidelines advisory, and no longer mandatory in U.S. v. Booker, ___ U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

The petitioner contends that he has suffered the violation of a substantial right in reference to the change of law in the Supreme Court and the Circuit Courts, his Fifth Amendment right to due process under the Federal Due Process Clause, which warrants relief in light of the Supreme Court's rulings, pursuant to Fiore v. White, 531 U.S. 225, 121 S.Ct. 712, 148 L.Ed.2d 629 (2001). Only recently, the Supreme Court has accepted a case to determine whether or not structural error occurrs, which defies plain and harmless error review compelling relief from a conviction or sentence, where an Apprendi, Blakely, or Booker error has occurred. See, Washington v. Recueno, U.S. No. 05-83, certiorari granted October 10, 2005.

The petitioner contends that there can be no clearer extraordinary circumstances warranting relief pursuant to Rule 60(b)(6) than the facts and circumstances in this case. The Supreme Court's recent ruling in Gonzalez v. Cord, 125 S.Ct. 2641 (2005), is instructive on this matter.

### JURISDICTION

The petitioner brings to the court's attention that it is vested with jurisdiction, authority, and the duty to grant the requested relief pursuant to Rule 60(b)(6), of the Federal Rules of Civil Procedure, because of the extraordinary circumstances that exist. See, Rule 60(b)(6), F.R.Civ.P..

## BACKGROUND AND PROCEDURAL HISTORY

The petitioner and others were indicted for conspiracy to possess with intent to distribute in excess of five (5) kilograms of heroin, in excess of five kilograms of cocaine, and in excess of one hundred (100) kilograms of marijuana, in violation of Title 21 U.S.C. § 846, and the petitioner was charged with using and carrying firearms during and in relation to the commission of a drug trafficking offense, in violation of Title 18 U.S.C. § 924(c)(1), in April of 1997.

The petitioner proceeded to trial by jury and was found guilty of counts two (2) and five (5), the conspiracy and firearm offense, on July 15, 1998. The petitioner received a presentence report prior to sentencing, and the presentence report attributed the petitioner a base offense level of 43, for sentencing purposes, where the petitioner's sentence was not determined by any drug type or quantity for the conspiracy offense, but for a murder offense as a cross reference pursuant to the sentencing guidelines. The petitioner was attributed some twelve (12) criminal history points by way of prior convictions, two (2) points for being in a halfway house facility during the offense of conviction, and one (1) point for having an impisonment status during the offense. The petitioner was attributed an overal fifteen (15) criminal history points, with a criminal history category of six (6).

The petitioner proceeded to sentencing on December 11, 1998, and the district court went on to accept the presentence report as being accurate and correct, then sentenced the petitioner to a life sentence on count two, the conpiracy charge, and five (5) years consecutively for the firearm offense, count five.

4

The petitioner filed a direct appeal to the First Circuit Court of Appeals and the First Circuit affirmed his conviction and sentence on October 24, 2000.  The petitioner later filed a habeas corpus motion pursuant to Title 28 U.S.C. § 2255 in October of 2001, and presented the court issues relevant to Apprendi. The district court went on to deny the § 2255 motion in an order dated September 24, 2004, which included the petitioner's Apprendi claim.

The petitioner now seeks relief from the judgments in reference to his initial conviction and sentence and the denial of his habeas corpus motion because of the extraordinary circumstances that exist in the case. The petitioner has set out his arguments and memorandum of law below.

### INEFFECTIVE ASSISTANCE OF COUNSEL
### DISTRICT COURT'S LACK OF SUBJECT MATTER JURISDICTION
### TO USE PETITIONER'S PRIOR CONVICTIONS FOR ENHANCEMENT

The petitioner brings to the court's attention that there exist the extraordinary matter in this case, where he has suffered a Sixth Amendment right violation of ineffective assistance of counsel, where his attorney has allowed the district court to use his prior convictions for enhancement purposes, when the district court lacked subject matter jurisdiction to use the prior convictions for enhancement purposes.  Rule 60(b)(6) compels the court to correct this error.

The law is established that due process requires notice and opportuntity to be heard concerning the use of prior convictions for enhancement purposes.  See, Oyler v. Boles, 368 U.S. 448, 452, 82 S.Ct. 501, 504, 7 L.Ed.2d 446 (1962).  The petitioner was not afforded this constitutional protection prior to his jury trial,

5

and the district court went on to use his prior convictions for enhancement purposes at sentencing.

In conjunction with the Fifth Amendment right to notice, Title 21 U.S.C. § 851(a) requires that the prosecution file a notice and/or information stating the prior convictions it intends to use for enhancement purposes, with the court, and serve the same on the defendant and/or his attorney, prior to a jury trial and the entry of a guilty plea. See, Title 21 U.S.C. § 851(a). The law has been established that the doctrine of harmless error does not apply with respect to failure to follow the statutory scheme of § 851(a), and has insisted upon strict compliance with the mandatory language of the procedural requirements. See, U.S. v. Weaver, 905 F.2d 1466, 1481 (11th Cir. 1990).

The law is also established that the district court has a duty to comply with the procedural requirements of 21 U.S.C. § 851(b) and (c), by presenting the judgment and commitment sheets of the prior convictions and requesting of the defendant whether or not he confirms or denies the prior convictions being used against him. The court must then allow the defendant to contest the prior convictions. See, U.S. v. Sanchez, 138 F.3d 1410, 1416-1417 (11th Cir. 1998) and § 851(b) and (c). Of most importance, it has been ruled that the district court lacks subject matter jurisdiciton to use a defendant's prior convictions for enhancement purposes when the prosecution fails to file the strict and mandatory notice of enhancement pursuant to § 851(a), prior to the entry of a guilty plea or a jury trial. See, Harris v. U.S., 149 F.3d 1304, 1308-1310 (11th Cir. 1998).

6

In the instant case, the petitioner proceeded to trial by way of a jury. A presentence report was later prepared by the probation office, and the petitioner was attributed some twelve (12) criminal history points by way of prior convictions. The petitioner was attributed an additional two (2) criminal history points for being in a halfway house during the present offense, an additional one (1) criminal history point for having a imprisonment status during the present offense. The petitioner was attributed a total of fifteen (15) criminal history points and a criminal history category of six (6), by way of prior convictions, all without receiving the mandatory notice and/or information of enhancement required pursuant to § 851(a). See, PSR at pg. 8.

The district court went on to accept the presentence report as being accurate and correct at sentencing and attributed the petitioner the fifteen (15) criminal history points stated in the presentence report without compliance to § 851(a). The petitioner contends that the district court lacked subject matter jurisdiction to use his prior convictions for enhancement purposes, as the prosecution failed to file the strict and mandatory notice of enhancement and/or information prior to his jury trial. See, U.S. v. Romero-Carron, 54 F.3d 15, 17-18 (1st Cir. 1995).

It is without dispute that failure to comply to the strict and mandatory requirements of § 851(a) requires the defendant's sentence being vacated, as the district court has acted without subject matter jurisdiction. Id. Harris v. U.S., supra. and U.S. v. Romero-Carron, supra. The petitioner must be resentenced in criminal history category one (1), without the use of

his prior convictions because of the lack of compliance to
§ 851(a).

In conclusion, the petitioner brings to the court's
attention that the law is established that a petitioner's uncons-
titutional prior convictions cannot be used for enhancement purp-
oses.  See, Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19
L.Ed.2d 319 (1967).  The petitioner contends that several of his
prior convictions were unconstitutional, as they were the result
of unintelligent and involuntary guilty pleas.  The petitioner's
attorney failed to inform him that he could contest his prior
convictions being used against him and that the government has to
file the mandatory notice and/or information pursuant to § 851(a).
Counsel failed to argue any of these issues in the district court
and direct appeal, including the district court's lack of subject
matter jurisdiction to use the prior convictions for enhancement.

Given the fact that jurisdictional question can be raised
at anytime, coupled with the fact that the court has a duty and
obligation at anytime to inquire into jurisdiciton whenever the
possibility that jurisdiction does not exist arises,  See, Philb-
rook v. Glodgett, 421 U.S. 707, 95 S.Ct. 1893, 44 L.Ed.2d 525
(1975),  Rule 60(b)(6) and its extraordinary circumstance requir-
ement is the correct avenue for this court to corret the error
that has occurred.

For the following reasons stated, this court must vacate
the petitioner's sentencing judgment and order the case back to
the district court for resentencing.

## STRUCTURAL ERROR IN REFERENCE TO THE JURY'S GENERAL
## VERDICT OF GUILT FOR A MULTIPLE DRUG CONSPIRACY

The petitioner contends that structural error has occurred in reference to his drug conspiracy conviction, where he was charged in a multiple drug conspiracy involving heroin, cocaine, and marijuana, and the jury was not instructed to find a specific drug type and quantity in determining guilt on the offense, nor did the jury determine a specific drug type and quantity in finding the petitioner guilty on the offense. The jury in this case entered a general verdict of guilt warranting the petitioner's conviction and sentence being vacated.

At the time of the petitioner's trial drug type and quantity were not elements of a federal drug offense, yet, the law required a special verdict of guilt where a defendant was charged in a multiple drug conspiracy, and the judge of the court was free to impose a sentence based on both drugs, with two exceptions. See, Edwards v. U.S., U.S. _____, 140 L.Ed.2d 703, 118 S.Ct. 1475 (1998). The First exception being, "if the amount of one substance involved leads to a lower statutory maximum sentence than would apply to the amount of the other substance, then the district court must stay below the lower statutory maximum." Id. 118 S.Ct. at 1477. Second, "a lower sentence may be warranted if the conduct involving one of the drugs is not relevant conduct under the Guidelines, that is, not part of the same common scheme or plan as the offense of conviction." Id. 118 S.Ct. at 1478.

In the instant case, the petitioner's indictment charged within the conspiracy offense, in excess of five (5) kilograms

9

of heroin, in excess of five (5) kilograms of cocaine, and in excess of one hundred (100) kilograms of marijuana.  Id. Charging Indictment.  There was no special verdict instruction given to the jury on drug type and quantity, nor was the jury provided a special verdict form in determining drug type and quantity.  The jury went on to enter a general verdict of guilt on the multiple drug conspiracy offense. See, Jury Instructions and Jury Verdict.

The petitioner's presentence report was prepared prior to   sentencing, and the presentence report did not establish the petitioner's base offense level for any drug type and quantity.  The petitioner  was attributed a sentence for murder as a cross reference pursuant to the sentencing guidelines.  See, Presentence report at pg. 8.  The petitioner went on to sentencing and the district court failed to make any factual determinations in reference to drug type and quantity, nor did the court attribute the petitioner a sentencing for drugs. The district court went on to sentence the petitioner as stated in the presentence report, to a life sentence for murder.  See, Sentencing trancripts.

Here, the court first erred by accepting the presentence report's determination that the petitioner was to be sentenced to murder for his drug conspiracy offense.  The law is established that a defendant's base offense level is determined by the offense of conviction.  See, U.S. v. Bradley, 917 F.2d 601, 604 (1st Cir. 1990).  Given the fact that the petitioner's indictment charged heroin, cocaine, and marijuana in the conspiracy offense, the petitioner faced only a five (5) year statutory

maximum because of the general verdict of guilt entered by the jury on the offense. See, <u>Derman v. U.S.</u>, 298 F.3d 34, 42 (1st Cir. 2002). The First Circuit has addressed this matter in <u>Derman</u> and concluded that a defendant is entitled to relief in such circumstances as those that exist in the present case, where the jury has entered a general verdict. Id. The jury's finding would have been readily ascertainable if the court had required it to complete and return a special verdict form. The court sentencing the petitioner to a sentence for murder was erroneous, and the petitioner should have received a sentence for drugs, which could not exceed the five (5) year maximum for marijuana.

Several other courts have addressed this matter and came to the same conclusion. See, <u>U.S. v. Rynes</u>, 196 F.3d 207, 240 (4th Cir. 1999) and <u>U.S. v. Riley</u>, 142 F.3d 1254, 1257 (11th Cir. 1998). It is without dispute that the petitioner is entitled to relief here.

Of Further importance, the Supreme Court's ruling in <u>Apprendi</u> is relevant to the present claim, which rendered drug type and quantity elements of a federal drug offense. Id. Drug type and quantity must now be charged in the indictment, submitted to the jury, and proven beyond a reasonable doubt as elements. Id. <u>U.S. v. Baltas</u>, supra. Because the court did not instruct the jury on the elements of drug type and quantity, coupled with the jury's failure to determine guilt on the elements of drug type and quantity, structural error, which defies harmless and plain error has occurred. Such structural errors warrants the petitioner's conviction and sentence being vacated.

The Supreme Court has long since established the law that where a jury was not instructed on the required elements of an offense, and the jury did not determine guilt on the required elements of an offense, structural error, which defies harmless and plain error occurs. See, Cabana v. Bullock, 474 U.S. 376, 106 S.Ct. 689, 88 L.Ed.2d 704 (1986) and Rose v. Clark, 478 U.S. 570, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986).

This Circuit and other Circuits have yet to address the issue as to whether or not structural error applies to a case when the jury has only entered a general verdict of guilt, and drug type and quantity are rendered elements of the offense after trial. This Circuit has ruled that structural error does not occur when an Apprendi error is committed. See, U.S. v. Perez-Ruiz, 353 F.3d 1, 17 (1st Cir. 2003).

What is of more importance, is the fact that the Supreme Court is presently reviewing a case to determine whether or not structural error occurs when an Apprendi error occurs. Id. Recueno v. Washington, supra. In the event the Supreme Court rules that structural error occurs when an Apprendi error is committed, the First Circuit and all other Circuits rulings that structural error does not occur when an Apprendi error is committed, will be overruled. A favorable ruling in Recueno will compel relief in reference to the Apprendi error that has occurred here.

In any event, the petitioner is entitled to relief because of the general verdict of guilt in reference to the multiple drug conspiracy conviction.

Rule 60(b)(6) and its extraordinary circumstance requirement is the correct avenue for this court to correct the error that has occurred.

For the following reasons stated, the petitioner's sentence must be vacated, and the case ordered back to the district court for further proceedings.

## CLEAR ERROR IN REFERENCE TO THE DISTRICT COURT'S FAILURE TO MAKE FACTUAL FINDINGS FOR DRUG TYPE AND QUANTITY

The petitioner contends that clear error has occurred in the present case, where he had a fundamental procedural guaranteed right pursuant to the Federal Due Process Clause, to have the court make factual findings of the drug type and quantity attributed to him at sentencing for his drug offense, and the court failed to do so. The clearly erroneous standard applies here, and warrants the petitioner's sentence being vacated. See, U.S. v. St. Cyr, 977 F.2d 698, 701 (1st Cir. 1992).

First off, the law was established at the time of the petitioner's sentencing, that the sentencing guidelines applicable for sentencing are those in effect at that time. See, U.S. v. Harotunian, 920 F.2d 1040, 1041-42 (1st Cir. 1990). In reference to drug offenses (for conspiracy), a district court must make individualized findings as to the scope of criminal activity undertaken by a particular defendant in the conspiracy. See, U.S. v. Marrero-Ortiz, 160 F.3d 768, 779 (1st Cir. 1998). In a narcotics case, drug quantity is an important integer in calculating the base offense level (and hence, the sentence itself). A defendant is not automatically saddled with the full weight of the conspiracy's drug quantity, rather a defendant is responsible for drugs he

personally handled or anticipated handling, and under the
relevant conduct rubric, for drugs involved in additional acts
that were reasonably foreseeable by him and were committed in
futherance of the conspiracy.  Id. Sepulveda, 15 F.3d at 1197.

Where there is no drug seizure or the amount seized does
not reflect the scale of the offense, the court shall approximate
the quantity of the controlled substance.  Different types of drugs
affect the offense calculation in different ways.    Id. U.S. v.
Marrero-Ortiz, 160 F.3d at 779.  In estimating the quantity of
drugs attributable to a defendant, a court may base its computation
on evidence showing the average frequency and amounts of defendant's
drug sales, drug transactions, and drug trips at specific times and
places.  160 F.3d at 779-80 and 15 F.3d 1197-1202.  The court in
this case did not reference any evidence to support an assessment
of drug attributable to the petitioner, and sentenced the petitio-
ner to murder as a cross reference.  Id. Presentence report at pg.
8.  The district court was in error for sentencing the petitioner
for murder, when his offense of conviction is drug offense, and
murder was not proven beyond a reasonable doubt.  The First Circuit
has ruled that such a sentence cannot stand where the court has
not made specific findings and absent proof shown by a preponder-
ance of the evidence by the government.  Id. 353 F.3d at 19 n.4.

The district court must make factual findings of the
drug type and quantity attributable to a defendant at sentencing,
and when the amount of drugs attributed to a defendant is in disp-
ute, the court must make an independent resolution of the factual
issue at sentencing.  Id. 15 F.3d at 1199.

14

In concert with the court making factual findings, the
government must prove the drug type and quantity beyond a reasona-
ble doubt and by a preponderance of the evidence.  See, U.S. v.
Sklar, 920 F.2d 107, 112-113 (1st Cir. 1990) and Perez-Ruiz, 353
F.3d at 15.  None of the following has occurred by the court nor
the government in the present case.

In conclusion, the government must present evidence which
show indicia of reliability and responsibility of the drug quantity
attributable to a defendant, and the court must determine that evi-
dence, testimony, and/or information is reliable.  See, U.S. v.
Garcia, 954 F.2d 12 (1st Cir. 1992) and § 6A1.3, U.S.S.G..  The
court failed to make factual findings of the drug type and quantity,
then accepted the conclusory allegations of the presentence report
for sentencing purposes.  See, Sentening transcripts.

Here, the court has erroneously relied upon speculation,
conjecture, hunch, and inuition in sentencing the petitioner, of
which cannot be legally done. Id. Marrero-Otiz, 160 F.3d at 780.
The record in the present case is void and without any factual
recitation of how the amount of drugs would be attributed to the
petitioner by the district court for the conspiracy offense. Any
amount of drugs attributed to the petitioner without factual find-
ings would be in complete conflict with the evidence, information,
and testimony presented to the court at the trial.  This court
must first vacate the petitioner's sentence for murder and then
make factual findings and/or determinations in reference to drug
type and quantity for sentencing purposes, specifically, when the
difference of the drug type and quantity results in terms of years

for sentencing purposes.  The petitioner has been convicted for
a drug offense, not a murder, and to sentence him for such would
be a clear violation of his Fifth Amendment right to due process.
Here, the petitioner did not receive a sentence enhancement for
murder, his actual sentence was based on murder in error.  See,
U.S. v. Lombard, 72 F.3d 170, 176-77 (1st Cir. 1995).

   The petitioner has suffered a violation of his Fifth
Amendment right to due process by the district court failing to
make factual findings in reference to the drug type and quantity,
and he has been sentenced to murder erroneously, not the drug off-
ense he was convicted of, without proof beyond a reasonable doubt
and on the basis of false and unreliable information and/or testi-
mony.  The law has long since been established that due process
forbids a defendant being sentenced on the basis of false and unr-
eliable infomation, testimony, and evidence.  See, U.S. v. Tucker,
404 U.S. 433, 30 L.Ed.2d 592, 92 S.Ct. 589 (1972).  The petitioner's
sentence must be vacated.

   There exist the extraordinary circumstances here, where
the petitioner suffered a violation of a substantial right, which
caused him to suffer an erroneous conviction and/or enhanced sent-
ence that is much greater than the maximum sentence he would have
faced.  There could be no doubt that failure to notice and correct
such an error would seriously affect the fairness, integrity, and
public reputation of the judicial proceedings.  This case warrants
the extraordinary circumstances of Rule 60(b)(6).

16

This case is ripe with clear error and one need look no further than the judicial process by which this conviction came about.

For the following reasons stated, the petitioner's conviction and/or sentence must be vacated, and the case ordered back to the district court for further proceedings.

## LEADERSHIP AND FIREARM ENHANCEMENT

The petitioner contends that the district court erroneously attributed him enhancement points for being a leader and/or oranizer, and for possessing a firearm during the conspiracy charge. It appears that the petitioner's has received such enhancements, and the enhancements were erroneously attributed.

Petitioner brings to the court's attention that just as drug type and quantity are attributed to a defendant, sentencing guidelines enhancements can be attributed to a defendant after proof beyond a reasonable doubt, a preponderance of the evidence, and after factual findings by the court. See, U.S. v. Shrader, 56 F.3d 291, 293 (1st Cir. 1995) and U.S. v. Voccola, 99 F.3d 37, 44 (1st Cir. 1996). Additionally, the government must present information, testimony, and evidence based on sufficient factual reliability and responsibility in attributing a defendant the enhancement, and the court must do the same in making factual findings. See, U.S. v. Cruz, 120 F.3d 1, 3 (1st Cir. 1997).

The prosecution failed to prove that the petitioner was to attributed the enhancement points and the court failed make the need factual findings of the same for the leadership/organizer role and the firearm enhancements. The petitioner's sentence must be vacated and corrected because of the error.

17

STRUCTURAL ERROR AND A VIOLATION OF THE PETITIONER'S
FUNDAMENTAL PROCEDURAL GUARANTEED RIGHT TO NOTICE AND
REASONABLE DOUBT INSTRUCTIONS TO THE JURY IN LIGHT OF THE
RULINGS IN APPRENDI, BLAKELY, AND BOOKER

The petitioner brings to this court's attention that
structural error has occurred in light of the Supreme Court's
rulings in Apprendi, Blakely, and Booker, where Apprendi rendered
drug type and quantity elements of a federal drug offense, and
the jury was not instructed to determine guilt on the elements
of drug type and quantity, nor determined guilt on the elements
of drug type and quantity.  The petitioner also contends that he
has suffered a Fifth Amendment right violation pursuant to the
Federal Due Process Clause, where he was not given notice that
drug type and quantity were vital elements of his drug offenses
at the time of trial, and where the court incorrectly gave the
jury a reasonable doubt instruction on the elements of drug type
and quantity.  The petitioner further contends that his convic-
tion and sentence must be vacated because of the constitutional
violations that has occurred.

The law is established that structural error is an error
that causes a defect affecting the framework within which the
trial proceeds.  See, Arizona v. Fulminante, 499 U.S. 279, 310,
111 S.Ct. 1246, 113 L.Ed.2d 302 (1991).  As stated previously,
the Supreme Court has long since ruled that structural error,
which defies harmless and plain error review, occurs when the
jury has not been instructed on the required elements of an offe-
nse, and the jury has not determined guilt on the required eleme-
nts of an offense.  Id. Cabana v. Bullock, supra. and Rose v. Cl-
ark, supra.  The petitioner contends that such a structural error

has occurred in the present case where drug type and quantity were not presented to the jury in its instructions for determining guilt, and when the jury did not determine guilt on the required elements of drug type and quantity.

The Supreme Court went on to further rule on the manner in which structural error applies in California v. Roy, 519 U.S. 2, 136 L.Ed.2d 266, 117 S.Ct. 337 (1996). In Roy, the Supreme Court noted:

> "The specific error at issue here, an error in the instruction that defined the crime is as easily characterized as a misde-scription of an element of the crime, as it is characterized as an error or omission." Id. 117 S.Ct. at 339.

The First Circuit and other Circuits have ruled that structural error does not occur when an Apprendi error is commit-ted. Id. U.S. v. Perez-Ruiz, 353 F.3d at 17. The Supreme Court will soon resolve the issue as to whether or not structural error occurs where an Apprendi, Blakely, and Booker error is committed, which is relevant to the present case. Id. Recueno v. Washington, supra. As previously stated, the petitioner's indictment charged him with conspiracy to possess with intent to distribute in excess of five (5) kilograms of heroin, in excess of five (5) kilograms of cocaine, and in excess of one hundred (100) kilograms of coca-ine, in count one (1), the conspiracy offense. Id. At the peti-tioner's trial, the court did not instruct the jury that drug type and quantity were elements of the drug offense, nor did the jury determine guilt on the elements of drug type and quantity. The law established in Apprendi was not in affect at the time of the petitioner's trial.

19

The jury in this case did not find that the charged
conspiracy involved the drug type and quantities listed in
any statutory provision and charged in the indictment.  The
law is now established that the jury instructions must supply
a proper linkage with the drug type and quantity charged in the
indictment.  Id. U.S. v. Perez-Ruiz, 353 F.3d at 16.  The jury
instructions in this case did not supply that linkage.

Given the fact that the district court failed to instruct
the jury that drug type and quantity were elements of the drug
offenses in the indictment, and that drug type and quantity had
to be proven beyond a reasonable doubt in determining guilt, str-
uctural error has occurred.  It is irrelevant that the law estab-
lished in Apprendi occurred after the petitioner's trial and sen-
tencing, as structural error requires reversal without the appli-
cation of harmless error, plain error, procedural bar, and waiver.
Id. Clark, 478 U.S. at 577-78, 106 S.Ct. at 3105-06 and Fulminante,
499 U.S. at 310, 111 S.Ct. at 1265.

The petitioner also makes the claim that he was not
afforded notice of the elements of drug type and quantity for his
drug offense, and the court did not correctly instruct the jury
on reasonable doubt in reference to the same drug offense.  The
petitioner contends that his conviction and sentence cannot stand
and/or be substantiated, as his conviction and sentence is not
consistent with the fundamental notice requirements of the Federal
Due Process Clause.  The Supreme Court has long since ruled that
such convictions must be vacated. See, Rabe v. Washington, 405
U.S. 313, 31 L.Ed.2d 258, 92 S.Ct. 993 (1972).

In conjunction with the Due Process right to notice, a defendant has a Due Process right to have the jury correctly instructed on the elements of a charged offense, as well as proof beyond a reasonable doubt on the same elements. See, Jackson v. Virginia, 443 U.S. 307, 316, 61 L.Ed.2d 560, 99 S.Ct. 2781 (1970) and In Re Winship, 397 U.S. 358, 364, 25 L.Ed.2d 368, 90 S.Ct. 1068 (1970). Due Process forbids the conviction of a person of a crime without proof of the elements of that crime beyond a reasonable doubt. Id.

Reviewing the facts of the present case as set out in the structural error argument, the jury was never instructed on the elements of drug type and quantity, nor did the jury determine guilt on the basis of drug type and qauntity as elements. Such was a clear violation of the petitioner's procedural guaranteed right to Due Process.

The Supreme Court has addressed a similar matter with facts relevant to the present case, and determined that such violations warrant a petitioner's conviction being vacated. See, Fiore v. White, 531 U.S. 225, 121 S.Ct. 712, 148 L.Ed.2d 629 (2001). In Fiore, the Supreme Court heard a habeas petitioner's claim that he was entitled to the change of law that occurred in reference to a Pennsylvania statute of which he was convicted, where the change of law occurred after the petitioner's conviction became final. The Supreme Court granted certiorari in part to decide when or whether the Federal Due Process Clause requires a state to apply a new interpretation of a state criminal statute retroactively on collateral review.

The Supreme Court ruled that "the case presents no
issue of retroactivity.  Rather, the question is simply whether
Pennsylvania can, consistently with the Federal Due Process Clause,
convict Fiore for conduct that its criminal statute , as properly
interpreted, does not prohibit."  Id.  The court further ruled
that its precedents make clear that Fiore's conviction and conti-
nued incarceration on the charge, violated due process, and reve-
rsed the judgment denying the petitioner relief.  The court relied
on Jackson v. Virginia and In Re Winship in making its decision.
Id.

The facts circumstances, and applicable law set out in
Fiore apply to the present case, where Apprendi clarified the law
that drug type and quantity are elements of a federal drug offense,
and the law must be applied retroactively to the case on collateral
attack, because of the violation of the federal due process clause
that has occurred.  It is without dispute that the petitioner's
conviction and sentence must be vacated because of Apprendi viol-
ation that has occurred here.

There has been error by the district courts and the circuit
courts in the majority, as all courts have erroneously ruled that
the ruling in Apprendi does not retroactively apply to cases on
collateral review.  See, McCoy v. U.S., 266 F.3d 1245, 1256-57
(11th Cir. 2001).  The district courts and the circuit courts have
all acted contrary to the law established in the Supreme Court,
and none of the courts have addressed and adjudicated on the mer-
its, the manner in which Apprendi is applied retroactively when
a violation of the Federal Due Process Clause has occurred in
light of Fiore.

For later arguments sake, and of additional importance,
the Supreme Court's ruling in Blakely, where the Supreme Court
ruled that the statutory maximum for Apprendi purposes is the
maximum sentence a judge may impose solely on the basis of the
facts reflected in the jury verdict or admitted to by the defend-
ant. And the ruling in Booker, where the Supreme Court ruled that
the ruling in Blakely applied to the Federal Sentencing Guidelines,
and rendered the Federal Sentencing Guidelines advisory, no longer
mandatory, are both retroactively applicable to the petitioner's
case. The court erroneously used the manditory scheme for sentencing.

The rulings in Blakely and Booker only reaffirmed the
Sixth Amendment as established in Apprendi, which warrants the
established law in those rulings being applied to the present
case. See, Yates v. Aiken, 484 U.S. 211, 108 S.Ct. 534, 537, 98
L.Ed.2d 546 (1988). Because the rulings in Blakely and Booker
merely applied          settled precedent on the Sixth Amendment
in light of Apprendi, to new and different factual situations,
the rulings must be retroactively applied on collateral review.
See, U.S. v. Johnson, 457 U.S. 537, 549, 102 S.Ct. 2579, 73
L.Ed.2d 202 (1982).

The ruling in Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060,
103 L.Ed.2d 334 (1989), in reference to the nonretroactivity of
such rulings is not applicable here. The present case involves
structural error and a violation of the Federal Due Process Cla-
use, both of which require relief without a retroactivity determ-
ination as set out in Teague.

It is without dispute that the petitioner has suffered
a structural error and a violation of his fundamental procedural
right to notice and a correct reasonable doubt instruction to the
jury in light of Apprendi.  The rulings in Apprendi, Blakely, and
Booker, must be applied to the present case on collateral review,
without a retroactivity determination.  The petitioner's convict-
ion and sentence must be vacated.

For the following reasons stated, the petitioner's drug
convctions and sentences must be vacated, and the case ordered
back to the district court for further proceedings.

CONCLUSION

The petitioner contends that there exist the extraordinary
circumstances that the judgments being contested in the present
case are unjust, warranting Rule 60(b)(6) relief.  Here, the pet-
itioner has suffered a serious deprivation of his constitutional
rights pursuant to the Fifth and Sixth Amendments, and the extra-
ordinary circumstances stemming from the constitutional violations
created a substantial danger that rendered the underying judgments
unjust.  The district court also failed to apply the law that was
established at the time of the petitioner's sentencing, which was
erroneous as well.

There exist no procedural lapses, mistakes in pleadings,
nor untimeliness on the behalf of the petitioner in reference to
presenting the constitutional violations that has occurred.  There
has been no lack of diligence on the petitioner's part, as there
has been a change in the law causing the constitutional violations
after the petitioner's conviction became final, for the most part.

The petitioner has pursued his case diligently, given his incarceration, pro-se status, and his lack of legal sophistication. Overall, the petitioner's difficulties stem, from a large extent, from the court's erroneous application of the law prior to the ruling in Apprendi, of which presented extraordinary circumstances beyond the petitioner's control, as the courts were bound by the law that was established prior to Apprendi.  There can be no better showing of the extraordinary circumstances than those presented in the case, which warrants relief from the operation of the judgment pursuant to Rule 60(b)(6).

Wherefore, the petitioner request this honorable court to grant him relief from the judgment(s), vacate the judgment(s), and order the case back to the district court for correction of the structural error and the violation of the Federal Due Process Clause because of the extraordinary circumstances that has occurred.  The petitioner request the court to grant any other relief that is just and proper.

Respectfully Submitted,

Javier Franky Ortiz, Pro-se
#16100-069
FCC Coleman-USP
P.O. Box 1033
Coleman, Florida 33521-1033

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been forwarded to the following parties listed below by way of United States Mail on this 16 day of January 2006.

United States Attorneys Office
150 Carlos Chardon Avenue
Hato Rey, Puerto Rico 00918


Javier Franky Ortiz, Pro se
#16100-069
FCC Coleman-USP
P.O. Box 1033
Coleman, Florida 33521-1033

26